UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURGE STAFFING LLC, ) | |
| ) | No. 22 CV 5041 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| ERICA TOLBERT and RESOLVE ) | |
| HR, LLC d/b/a RESOLVE HUMAN ) | |
| RESOURCES, ) | |
| ) | February 10, 2025 |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Surge Staffing LLC ("Surge") brings this action accusing Defendants Erica Tolbert ("Tolbert") and Resolve HR, LLC ("Resolve") of misappropriating Surge's trade secrets to poach its customers and employees. Before the court are Surge's two related motions to exclude the testimony of the following non-party witnesses it alleges Resolve failed to timely disclose during fact discovery: (1) "Shanta," human resources ("HR") manager for "Surge Customer 3"; (2) "Crystal," HR coordinator for "Surge Customer 6"; and (3) "Merle," regional HR manager for "Surge Customer 5" (collectively, "the Witnesses").[1] For the following reasons, Surge's motions are denied:

---

[1] Surge uses only the Witnesses' first names and customer numbers for confidentiality. (R. 116, Pl.'s Mot. at 1 n.1, Ex. A; R. 129, Pl.'s Supp. Mot. at 1 n.1.) Surge also filed the exhibits to its motions under seal. (R. 117; R. 118; R. 119; R. 120; R. 130; R. 135.) The court refers to such information only to the extent necessary to rule on the motions, and cautions that this treatment is not and may not be used as evidence that this information must remain confidential if the case proceeds to the summary judgment and/or trial stage.

**Background**

Surge filed this lawsuit in September 2022. (R. 1, Compl.) A few months later, in December 2022, the parties exchanged Rule 26(a)(1) disclosures. (See R. 16, Jt. Status Rep. at 6.) In its initial disclosures, Surge identified "[v]arious customers of Surge, including those now customers of Resolve," as having "knowledge concerning the facts and circumstances of transferring business from Surge to Resolve, and communications between Resolve and the customers." (R. 122, Def.'s Resp. at 5.) Resolve did not name the Witnesses or their discoverable information in its initial disclosures. (Id. at 2-3; R. 120, Def.'s Initial Disclosures.)

During fact discovery Surge issued the following interrogatory ("INT") to Resolve: "Identify all persons who Defendant believes to have knowledge of any of the allegations set forth in Plaintiff's Complaint, Defendant's Answer, Counterclaims or Affirmative Defenses." (R. 120, Def.'s Ans. to Surge's INT No. 2 at 13.) In its March 2023 answer to INT No. 2, Resolve did not identify the Witnesses or responsive information they may have. (See id. at 14-15.) However, Resolve stated in a July 10, 2024 joint status report that it may seek to depose "[c]orporate representatives of the 'Surge Customers.'"[2] (R. 101, Jt. Status Rep. at 2.) Resolve also indicated in an August 27, 2024 joint status report that it may depose "[a] representative of each of the six 'Surge Customers,'" who would testify about "the nature of [the Customers'] relationship with Surge, their agreements with Surge, their practices with respect to

---

[2] "Surge Customers" refers to a list of customers Surge developed with whom Resolve allegedly tortiously interfered. (R. 122, Def.'s Resp. at 3; see also R. 117, Surge Customer List.)

2

working with multiple staffing agencies generally, and the reason(s) why they ended their relationship with Surge." (R. 103, Jt. Status Rep. at 3.) For its part, Surge amended its INT answers in October 2024 to identify Customer 3 and Customer 6 representatives who "may have knowledge [of] the facts and circumstances of the Service Agreement and staffing services provided by Surge; communications with Surge and with Resolve; [and] the staffing services provided by Resolve." (R. 122, Def.'s Resp. at 4.)

On December 13, 2024, the day fact discovery was set to close, Resolve produced declarations from Shanta and Crystal, introducing information to support Resolve's defenses. (R. 116, Pl.'s Mot. at 3.) Shanta, in her former role as HR manager for "Customer 3," declared on December 10, 2024, that she has "personal knowledge of [Customer 3's] decision-making regarding what staffing agencies it used for its labor needs," Surge's "documentation process," and why it "cut ties with Surge." (R. 118, Shanta's Declaration at 2.) Shanta also stated that Surge never asked "Customer 3" to keep confidential its relationship with Surge or Surge's mark-up rates for temporary staffing. (Id. at 3.)

Crystal declared on December 9, 2024, that as HR coordinator for "Customer 6," she has personal knowledge regarding staffing agencies, including Surge, and the phasing out of "Customer 6's" use of Surge. (R. 119, Crystal's Declaration at 2.) She also represented that Surge never instructed "Customer 6" to treat its relationship with Surge or Surge's mark-up rates as "confidential or secret." (Id. at 3.)

3

Finally, Merle, an HR manager for "Customer 5," declared on January 17, 2025, that she has personal knowledge of temporary staffing agencies used by "Customer 5." (R. 135, Merle's Declaration at 2.) Merle also indicated that "Customer 5" is not taking new staffing assignments from Surge because it failed to complete an annual audit. (Id.) And she said Surge informed her that its relationship with "Customer 5" was not confidential. (Id.) Resolve provided Merle's declaration to Surge on January 20, 2025, over a month after the close of fact discovery. (R. 129, Pl.'s Supp. Mot. at 2.)

Surge asserts that Resolve will use the Witnesses' declarations to support its defenses to Surge's tortious interference and trade secret misappropriation claims, even though Surge did not have an opportunity to "depose these witnesses, investigate the scope and relevance of their knowledge and prepare for cross-examination or rebuttal testimony." (R. 116, Pl.'s Mot. at 4-5.) Surge therefore moves to exclude the Witnesses' testimony. (See generally id.; R. 129, Pl.'s Supp. Mot.)

**Analysis**

Surge argues that Resolve violated Rule 26(a)(1) by not timely disclosing the Witnesses or the subjects of their discoverable information. (R. 116, Pl.'s Mot. at 4-8; R. 129, Pl.'s Supp. Mot. at 3-5.) Rule 26(a)(1) requires the disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Because Resolve did not identify the Witnesses or the subjects of their discoverable information, either in its

4

initial disclosures or interrogatory answers, Surge asserts that Resolve "undermine[d] the principles of fairness and transparency that are the foundation of the discovery process." (R. 116, Pl.'s Mot. at 2.) As such, Surge contends that Rule 37(c)(1) mandates the exclusion of the Witnesses' testimony from this case. (Id. at 6-8.)

A court has "broad discretion" when deciding whether a party has complied with Rule 26. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Further, Rule 37(c)(1)'s mandatory exclusion applies only where a Rule 26 violation was neither "substantially justified" nor "harmless." *G & G Closed Cir. Events, LLC v. Castillo*, No. 14 CV 2073, 2016 WL 3551634, at *7 (N.D. Ill. June 30, 2016). In determining whether a discovery violation is justified or harmless, the court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; [and] (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Montoya v. Mitchell,* No. 17 CV 1796, 2024 WL 1328799, at *2 (N.D. Ill. March 28, 2024).

Here, Resolve did not violate Rule 26 and, consequently, the court need not conduct a Rule 37 analysis. Surge omits from its motions the facts that it included Surge Customer representatives on its own witness list, and both parties identified the same as sources of discoverable information during fact discovery. (See R. 122, Def.'s Resp. at 1.) As Resolve points out, "Surge's entire case against Resolve revolves around claims that Resolve used trade secrets *regarding* 'Surge Customers' and

5

tortiously interfered with Surge's *relationships with* 'Surge Customers.'" (Id. at 2 (emphasis in original).) Resolve thus asserts that the "additional" information offered in the Witnesses' declarations qualifies as information "otherwise . . . made known to the other part[y]" under Rule 26(e). (Id. (citing Fed. R. Civ. P. 26(e)(1)(A)).) The court agrees.

For support Resolve details occasions on which the parties identified Surge Customer representatives as persons with discoverable information during fact discovery. (Id. at 4-5.) Most recently, in its October 2024 amended INT answers, Surge identified "Customer 3" and "Customer 6" representatives who "may have knowledge [of] the facts and circumstances of the Service Agreement and staffing services provided by Surge; communications with Surge and with Resolve; [and] the staffing services provided by Resolve." (Id. at 4; see also R. 132, Def.'s Supp. Resp. at 2 (indicating that Surge's witness list also includes a representative of "Customer 5").) Similarly, Resolve disclosed in an August 27, 2024 joint status report that it was considering deposing "[a] representative of each of the six 'Surge Customers,'" who would "testify as to the nature of their relationship with Surge, their agreements with Surge, their practices with respect to working with multiple staffing agencies generally, and the reason(s) why they ended their relationship with Surge." (R. 122, Def.'s Resp. at 4-5 (citing R. 103, Jt. Status Rep.); see also R. 101, Jt. Status Rep. (indicating that Surge may depose "customer representatives" and that Resolve may depose "[c]orporate representatives of the 'Surge Customers'").) And in its own initial disclosures, Surge identified "[v]arious customers of Surge, including those now

6

customers of Resolve" as having "knowledge concerning the facts and circumstances of transferring business from Surge to Resolve, and communications between Resolve and the customers." (R. 122, Def.'s Resp. at 5.)

The court therefore finds that Resolve has satisfied Rule 26(e)'s "made known" requirement. That rule requires disclosures and responses to be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," but only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Here, there can be no dispute that Surge had clear notice that representatives from Surge Customers may have relevant information regarding the subjects identified. *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1168-69 (D. Colo. 2015) (citation omitted). As such, Surge cannot now feign surprise as to the Witnesses' declarations offered on these subjects.

Because the court finds no Rule 26 violation, it need not proceed with a Rule 37 assessment. Indeed, "[t]he purpose of Rule 37(c) is to prevent the practice of 'sandbagging' an opposing party with new evidence," *Ahad v. Bd. of Trs. of S. Ill. Univ.*, No. 15 CV 3308, 2018 WL 534158, at *3 (C.D. Ill. Jan. 24, 2018) internal quotations and citation omitted)), which is not what occurred here. But even if Resolve had violated Rule 26, the first factor in the Rule 37 analysis—prejudice or surprise to the party against whom the evidence is offered, *see Montoya,* 2024 WL 1328799, at *2—is noticeably absent. Coupled with the facts that Surge has not

7

offered any evidence of bad faith, and no trial date has been set, any discovery violation here is justified or harmless. *See id.*

Surge nonetheless suggests that Resolve's behavior is more egregious than Surge's own amendments to interrogatory answers toward the end of fact discovery. (R. 116, Pl.'s Mot. at 3.) On January 7, 2025, this court granted Resolve's motion to strike Surge's amended interrogatory answers and to exclude certain evidence regarding the same. (R. 126, Jan. 7, 2025 Mem. Op. and Order.) The court struck Surge's amended interrogatory answers because they significantly expanded the scope of its trade secret claims against Resolve—and the answers were neither timely served on Resolve under Rule 26(e) nor justified or harmless under Rule 37. (See id. at 8-13.) The current motion does not require a similar result. Here, both parties knew about and identified representatives of Surge's Customers as sources of discoverable information throughout discovery, eliminating any element of prejudice or surprise. And notably, nothing prevented Surge from contacting the Witnesses during fact discovery as Surge knew that such customer representatives may have relevant information.

## Conclusion

For the foregoing reasons, Surge's motions to exclude testimony of non-party witnesses are denied.

**ENTER:**

_/s/ Young B. Kim_
**Young B. Kim**
**United States Magistrate Judge**

8